UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | : | | |
|---|---|---|---|
| ALVIN DARRELL SMITH, | : | | |
| | : | | |
| Petitioner, | : | Civil Action No.: | 12-1889 (RC) |
| | : | | |
| v. | : | Document Nos.: | 4, 9 |
| | : | | |
| UNITED STATES BUREAU OF PRISONS, | : | | |
| | : | | |
| Respondent. | : | | |
| | : | | |

**MEMORANDUM OPINION**

GRANTING THE RESPONDENT'S MOTION TO TRANSFER

## I.   INTRODUCTION

This matter is before the court on the respondent's motion to dismiss or, in the alternative, to transfer. The *pro se* petitioner, Alvin Smith, an inmate in Adelanto, California, challenges the constitutionality of his detention and recent denial of parole. The United States Parole Commission denied the petitioner's parole request despite his reduction from a *2* to a *1* under the District of Columbia Board of Parole guidelines.  The petitioner also complains that prison personnel at USP Victorville obstructed his correspondence in violation of the Constitution under the 1st, 4th, 5th, 6th, 7th, 8th, and 14th Amendments and the Due Process Clause.  The respondent, the United States Bureau of Prisons, asks the Court to dismiss the petitioner's Writ of Habeas Corpus or to transfer the case to the Central District of California. The petitioner opposes the motion, arguing that this Court has jurisdiction to hear his claim. Because the Court determines that the relevant factors weigh in favor of transferring the case to California, it grants the respondent's motion.

## II.     FACTUAL ALLEGATIONS & PROCEDURAL BACKGROUND

On January 13, 1994, the petitioner began his 16 year, 6 month to life sentence for second degree murder while armed. ECF No. 17. Including time served, educational credits, and good behavior, the petitioner was eligible for parole on January 14, 2010.  Pet. Resp. Def. Mot. Dismiss.  On April 9, 2012, the petitioner attended a parole hearing for a crime carrying a sentence of 16 years and 6 months to life.  ECF No. 2 Exh. A.  The Parole Commission did not grant the petitioner parole, and set the next hearing for April 2015 despite the petitioner's parole guidelines score being decreased from a *2* to a *1*.  *Id.*

On September 27, 2012, the petitioner filed a petition for writ of habeas corpus in the District of Columbia Superior Court.  *See Alvin D. Smith v. United States Bureau of Prisons*, Criminal Case NO. 1992 FEL 012129 ("Pet. Writ of Habeas Corpus").  At the time of filing the Writ of Habeas Corpus, the petitioner was and still is detained at the USP Victorville in Adelanto, California.  ECF No. 2, Exh. A at 3-4.  The respondent removed the case to the District Court of the District of Columbia on November 20, 2012.  ECF No. 2.  The respondent moved to dismiss for lack of jurisdiction on January 11, 2013.  ECF No. 4.  After a motion to extend time and an order to show cause, the petitioner filed his opposition to the respondent's motion to dismiss on August 29, 2013. Pet. Opp'n to Resp. Mot. to Dismiss, ECF. No. 11.

## III.     ANALYSIS

### A.  Legal Standard for Motion to Dismiss Under Rule 12(b)(1)

Federal courts are courts of limited jurisdiction and the law presumes that "a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994).  Accordingly, a federal court should first determine that it has jurisdiction over a case

before ruling on the merits. *Al–Zahrani v. Rodriguez*, 669 F.3d 315, 317–18 (D.C.Cir.2012).  On a motion to dismiss for lack of jurisdiction under Rule 12(b)(1), the plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).  When considering a motion under Rule 12(b)(1), the court may look beyond the allegations set forth in the complaint and "may consider materials outside the pleadings." *Jerome Stevens Pharm., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C.Cir.2005).

### B.  Legal Standard for Transfer of Venue

"A district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).  Under 28 U.S.C. § 1406(a), transfer is appropriate when procedural obstacles impede an expeditious and orderly adjudication on the merits of a case. *Sinclair v. Kleindienst*, 711 F.2d 291, 293-94 (D.C.Cir.1983).

"Whenever a civil action is filed in a court . . . including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed." 28 U.S.C. § 1631.

### C.  The Court Grants the Motion to Transfer Venue

The respondent asserts that the instant action should be dismissed, or in the alternative, transferred to the Central District of California. The respondent argues that this Court lacks jurisdiction to decide this claim on the merits.

The petitioner disagrees. The petitioner argues that because his sentence was handed down in the District of Columbia Superior Court, this Court is a proper venue for his habeas

3

petition. He also asserts that because he is subject to relocation in the near future, his petition would be constantly moved based on the location of his incarceration, creating an undue hardship.

The proper respondent to a habeas petition is the immediate custodian of the inmate. *See Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004); *Blair-Vey v. Quick*, 151 F.3d 1036, 1039 (D.C. Cir. 1998). "The custodian of the prisoner is the warden of the facility in which the prisoner is held." *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 810 (D.C. Cir. 1988). "A district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction." *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1238 (D.C. Cir. 2004); *see Rooney v. Sec'y of Army,* 405 F.3d 1029, 1032 (D.C. Cir 2005) (noting that habeas jurisdiction is proper only in the jurisdiction where the immediate custodian is located).

The petitioner filed his claim while incarcerated at USP Victorville in Adelanto, California. *See* Pet. Writ of Habeas Corpus. USP Victorville is within the Central District of California. Because habeas petitions may only be entertained in the district court where the inmate is being held, this Court does not have subject matter jurisdiction to hear the petitioner's claim. *See Stokes*, 374 F.3d at 1238 (holding that an inmate held in a facility outside his jurisdiction's writ of habeas corpus could not be heard). The petitioner argues that while he is not currently detained in the District of Columbia, he was once an inmate here. But *Rumsfeld* and *Quick* make it clear that proper jurisdiction for a habeas petition is the district where the *immediate* custodian is located. *Rumsfeld*, 524 U.S. at 435; *Quick*, 151 F.3d at 1039.

Additionally, while the petitioner has named the United States Bureau of Prisons as the respondent, the correct respondent to a habeas petition is the warden where the prisoner is

located. *See Chatman-Bey*, 854 F.2d at 810 (finding that the custodian of a prison is the warden of the facility where the inmate is being held). The petitioner's custodian is the warden of the USP Victorville in Adelanto, California. ECF No. 2. As the District of Columbia does not have jurisdiction over a warden in California, this Court lacks capacity to hear this case.

Under § 1631, when a court concludes that it lacks jurisdiction, it has the authority to dismiss the action or transfer it in the interest of justice. *Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 803 (1988) (holding that 28 U.S.C. § 1631 gives federal courts the "authority to make a single decision upon concluding that it lacks jurisdiction—whether to dismiss the case or, 'in the interest of justice,' to transfer it to a court of appeals that has jurisdiction" (quoting 28 U.S.C. § 1631)). The Court finds it in the interest of justice and judicial economy to transfer the case to the Central District of California. [1]

The petitioner also complains that authorities at USP Victorville obstructed his correspondence in violation of the Constitution and 18 U.S.C. §1701. ECF No. 11. This claim appears to be solely against the mailroom employees or other officials at the USP Victorville in Adelanto, California. *Id.* For claims against government agencies or officials, venue is proper in a judicial district where a defendant resides, or a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated. 28 U.S.C. § 1391(e). Courts in the District of Columbia must examine challenges to venue carefully to guard against the danger that a plaintiff might manufacture venue in the District of Columbia by naming government officials as defendants.

---

[1] Case law disposes of the Petitioner's argument that his case will constantly be moved if his petition need be filed at the location of his custodian. *See Simpson v. Ashcroft*, 321 F.Supp.2d 13 (D.D.C. 2004) (holding that if a prisoner is transferred during the course of the litigation, habeas jurisdiction as a general matter continues to be in the district where the prisoner was incarcerated at the time the habeas petition was filed.)

*Cameron v. Thornburgh,* 983 F.2d 253, 256 (D.C. Cir. 1993).  While one party's presence in the jurisdiction may make venue proper, a court may still transfer a case in the interest of justice. *See e.g. Thornburgh,* 983 F.2d at 257 (transferring a case in which the Attorney General was named in his official capacity, but officials in a prison in Indiana performed the alleged violations). Although the respondent in this matter, the United States Bureau of Prisons, is technically located in this District, the individuals alleged to have obstructed the correspondence are the employees at USP Victorville.  Those employees reside in California and the alleged tampering occurred at the USP Victorville in Adelanto, California.  Thus, because this matter could have been brought in the Central District of California, the more appropriate venue for this claim is in the Central District of California, the judicial district where the alleged conduct took place.  28 U.S.C. §1404(a).  The Court finds in the interest of justice and for the convenience of parties and witnesses to transfer this action to the Central District of California. [2]

### IV.   CONCLUSION

For the foregoing reasons, the court grants the respondent's motion to transfer venue. An order consistent with this Memorandum Opinion is issued this 20th day of September, 2013.

RUDOLPH CONTRERAS
United States District Judge

---

[2] Petitioner has also filed Motions for Appointment of Counsel, Adjustment of Time Served Computation, and Failure to Provide Indigent Stamps.  This court fails to reach the substance of these and all other unresolved motions in this case, as the court is not the proper venue for the aforementioned claims.  These motions are therefore denied without prejudice, with leave to file and be ruled upon by the receiving court.